UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BERNARDO CASTILLO ZAMORA, JOSE EDWIN MENDEZ
and JAVIER DIAZ PLAZA, individually and on behalf of all
others similarly situated,

        Plaintiffs,

-against-

JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE
PIZZA, and JOSE LEON, as an individual,


        Defendants.
----------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**


**JURY TRIAL
REQUESTED**

1. Plaintiffs, **BERNARDO CASTILLO ZAMORA, JOSE EDWIN MENDEZ and
   JAVIER DIAZ PLAZA**, individually and on behalf of all others similarly situated
   (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates,
   P.C., alleges, upon personal knowledge as to himself and upon information and belief as
   to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, through undersigned counsel, bring this action against **JGL RESTAURANT
   CORP. d/b/a ITALIAN VILLAGE PIZZA, and JOSE LEON**, as an individual,
   (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious
   violations of state and federal wage and hour laws arising out of Plaintiff's employment
   with the Defendants located at 1494 1ST Avenue, New York, NY 10075.

3. As a result of the violations of Federal and New York State labor laws delineated below,
   Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding
   $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and
   equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

8. Plaintiff BERNARDO CASTILLO ZAMORA residing at New York, NY 10035 was employed by JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA from in or around November 2019 until in or around November 2020.

9. Plaintiff JOSE EDWIN MENDEZ residing at New York, NY 10029 was employed JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA from in or around November 2019 until in or around March 2020.

10. Plaintiff JAVIER DIAZ PLAZA residing in Bronx, NY 10029 was employed JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA from in or around November 2019 until in or around February 2020.

11. Defendant, JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 1494 1ST Avenue, New York, NY 10075.

12. Upon information and belief, Defendant JOSE LEON is the owner of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA.

13. Upon information and belief, JOSE LEON is responsible for overseeing all daily operations of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA.

14. Upon information and belief, JOSE LEON has power and authority over all the final personnel decisions of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA.

15. Upon information and belief, JOSE LEON has the power and authority over all final payroll decisions of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, including the Plaintiff.

16. Upon information and belief, JOSE LEON has the exclusive final power to hire the employees of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, including the Plaintiff.

17. Upon information and belief, JOSE LEON has exclusive final power over the firing and terminating of the employees of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA including Plaintiff.

18. Upon information and belief, JOSE LEON is responsible for determining, establishing, and paying the wages of all employees of JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

19. Accordingly, at all relevant times hereto, Defendant JOSE LEON was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

20. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## BERNARDO CASTILLO ZAMORA

21. Plaintiff BERNARDO CASTILLO ZAMORA was employed by JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, as a food preparer, delivery person and cleaner while performing related miscellaneous duties for the Defendants, from in or around November 2019 until in or around November 2020.

22. Plaintiff BERNARDO CASTILLO ZAMORA regularly worked six (6) days per week, with the exception of Thursdays during his employment with the Defendants.

23. Throughout Plaintiff BERNARDO CASTILLO ZAMORA'S employment with the defendants, Plaintiff regularly worked a schedule of shifts beginning at 11:00 a.m. each workday, and Plaintiff regularly ended at approximately 10:00 p.m. to 11:00 p.m., or later.

24. Thus, Plaintiff was regularly required to work sixty-six (66) hours to seventy-two (72) hours, or more hours each week, from in or around November 2019 until in or around November 2020.

25. Plaintiff BERNARDO CASTILLO ZAMORA was paid by Defendants a flat daily rate of approximately $70.00 per day from in or around November 2019 until in around November 2020.

26. Although Plaintiff regularly worked sixty-six (66) hours to seventy-two (72) hours or more hours, from in or around November 2019 until in around November 2020 each week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Additionally, Defendants failed to pay Plaintiff BERNARDO CASTILLO ZAMORA the legally prescribed minimum wage for all his hours worked from in or around November 2019 until in around November 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

28. Furthermore, Plaintiff BERNARDO CASTILLO ZAMORA worked ten (10) or more hours per day, six (6) days a week from in or around November 2019 until in around November 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

**JOSE EDWIN MENDEZ**

29. Plaintiff JOSE EDWIN MENDEZ was employed by JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, as delivery person and food preparer while performing related miscellaneous duties for the Defendants, from in or around November 2019 until in or around March 2020.

30. Plaintiff JOSE EDWIN MENDEZ regularly worked six (6) days per week with the exclusion of Sundays during his employment with the Defendants.

31. Plaintiff JOSE EDWIN MENDEZ regularly worked a schedule of shifts beginning at 2:00 p.m. each workday, and Plaintiff regularly ended at approximately 12:30 p.m., or later, or more hours, each week for the during his employment by the Defendants.

32. Thus, Plaintiff was regularly required to work sixty-three (63) hours or more hours each week from in or around November 2019 until in or around March 2020.

33. Plaintiff JOSE EDWIN MENDEZ was paid by Defendants a flat weekly rate of approximately $500.00 per week from in or around November 2019 until in or around March 2020.

34. Although Plaintiff JOSE EDWIN MENDEZ regularly worked approximately sixty-three (63) hours or more per week, from in or around November 2019 until in or around March 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Additionally, Defendants failed to pay Plaintiff JOSE EDWIN MENDEZ the legally prescribed minimum wage for all his hours worked from in or around November 2019 until in or around March 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

36. Furthermore, Plaintiff JOSE EDWIN MENDEZ worked ten (10) or more hours per day, six (6) days a week from in or around November 2019 until in or around March 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## JAVIER DIAZ PLAZA

37. Plaintiff JAVIER DIAZ PLAZA was employed by JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, as delivery person, food preparer, cleaner and stocker while performing related miscellaneous duties for the Defendants, from in or around November 2019 until in or around February 2020.

38. Plaintiff JAVIER DIAZ PLAZA regularly worked six (6) days per week during his employment with the Defendants.

39. Plaintiff JAVIER DIAZ PLAZA regularly worked a schedule of shifts beginning at 11:00 a.m. each workday, and Plaintiff regularly ended at approximately 11:00 p.m., or later, from in or around November 2019 until in or around February 2020.

40. Thus, Plaintiff was regularly required to work seventy-two (72) hours or more hours each week from in or around November 2019 until in or around February 2020.

41. Plaintiff JAVIER DIAZ PLAZA was paid by Defendants a flat daily rate of approximately $70.00 per day from in or around November 2019 until in or around February 2020.

42. Although Plaintiff JAVIER DIAZ PLAZA regularly worked approximately seventy-two (72) hours or more per week from in or around November 2019 until in or around February 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Additionally, Defendants failed to pay Plaintiff JAVIER DIAZ PLAZA the legally prescribed minimum wage for all his hours worked from in or around November 2019 until in or around February 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

44. Furthermore, Plaintiff JAVIER DIAZ PLAZA worked ten (10) or more hours per day, six (6) days a week from in or around November 2019 until in or around February 2020, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

## DEFENDANTS' OTHER VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

45. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

46. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

47. Upon information and belief, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

48. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

49. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

51. Collective Class: All persons who are or have been employed by the Defendants as delivery persons, food preparers, cleaners, stockers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages and required minimum wage pay.

52. Upon information and belief, Defendants employed 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

53. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation and minimum wage compensation.

54. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

55. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

56. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

57. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

58. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

59. The claims of Plaintiff are typical of the claims of the whole putative class.

60. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

61. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

63. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

64. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

65. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

67. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

68. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

69. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

70. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

71. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

72. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

73. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

74. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

9

75. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

76. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

77. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

78. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

79. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

80. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

81. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

82. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

83. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

86. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs' primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

89. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

90. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

92. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs unpaid minimum wages;

d. Awarding Plaintiffs' spread of hours compensation;

e.   Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f.   Awarding Plaintiff prejudgment and post-judgment interest;

g.   Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   July 6, 2022
           Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARDO CASTILLO ZAMORA, JOSE EDWIN MENDEZ and JAVIER DIAZ PLAZA, individually and on behalf of all others similarly situated,

        Plaintiffs,

-against-

JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA, and JOSE LEON, as an individual,

        Defendants,

---

## COLLECTIVE ACTION COMPLAINT

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

To:

**JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA**
1494 1ST Avenue
New York, NY, 10075

**Service via SOS - DOS ID# 5636218**
23-45 92 Street, East Elmhurst, NY 11369

**JOSE LEON**
1494 1ST Avenue,
New York, NY, 10075