UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARDO CASILLO ZAMORA, JOSE EDWIN
MENDEZ, and JAVIER DIAZ PLAZA, on behalf of
themselves and all others similarly situated,

                                    Plaintiffs,

                    -v-

JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE
PIZZA and JOSE LEON,

                                    Defendants.

CIVIL ACTION NO. 22 Civ. 5739 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On March 6, 2024, due to Defendants' failure to comply with the Court's January 30, 2024

Order and timely submit a pre-mediation statement (ECF No. 26), the Court issued an Order

cancelling the virtual settlement conference previously scheduled for Monday, March 11, 2024

at 2:00 p.m. (the "Settlement Conference") and requiring Defendants to show cause explaining

their failure to abide by the Court's Order.  (ECF No. 28 (the "OTSC")).  Later that day, Defendants

filed a letter-motion seeking to adjourn the Settlement Conference because Defendant Jose Leon

has been summoned for jury duty and will be unavailable.  (ECF No. 29 (the "Request")).  The

Court denied the Request as the Settlement Conference had already been cancelled, and directed

Defendants to include in their response to the OTSC "the date on which Mr. Leon became aware

he would be unavailable for the Settlement Conference on March 11, 2024, and [] a copy of his

summons for jury duty."  (ECF No. 30).

Today, March 13, 2024, Defendants filed a letter apologizing to the Court, explaining that

defense counsel had not been receiving ECF notifications in this matter, and requesting that the

Settlement Conference be rescheduled.  (ECF No. 31 at 2 (the "Letter")).  While the Court notes that Defendants' response to the OTSC is deficient in several respects—Defendants did not include a declaration or affidavit; Defendants did not include the date on which Mr. Leon became aware he would be unavailable for the Settlement Conference; and Defendants did not include a copy of Mr. Leon's summons for jury duty, all as required by the OTSC (ECF No. 28)—and it is well-settled that counsel are obligated to track the dockets of their cases and that obligation is not excused when they do not receive ECF notifications, see, e.g., Banguah v. Rodriguez, No. 04 Civ. 7227 (LAK), 2005 WL 2482487, at *2 (S.D.N.Y. Oct. 6, 2005) ("counsel who rely upon e-mailed notices of electronic filing to keep abreast of their cases do so at their own peril.  They are responsible for knowledge of what appears on the docket sheet regardless of any e-mail failures"), the Court nevertheless deems the OTSC satisfied.

The Court will reschedule the Settlement Conference by separate Order.

Dated:      New York, New York
            March 13, 2024

SO ORDERED.

SARAH L. CAVE
United States Magistrate Judge