UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERNARDO CASTILLO ZAMORA, JOSE EDWIN MENDEZ, and JAVIER DIAZ PLAZA, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiffs,<br><br>-v-<br><br>JGL RESTAURANT CORP. d/b/a ITALIAN VILLAGE PIZZA and JOSE LEON,<br><br>                        Defendants. | CIVIL ACTION NO.: 22 Civ. 5739 (SLC)<br><br>**ORDER APPROVING SETTLEMENT** |

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 48), and have submitted a joint Letter-Motion in support of settlement (ECF No. 47 (the "Motion")), proposed settlement agreement (ECF No. 47-1 (the "Agreement")), and supporting exhibits (ECF Nos. 47-2; 47-3; 50-1; 52) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in a conference that led to the settlement, the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiffs' engagement letter with counsel and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiffs and reasonable at the time it was made," Puerto v. Happy Life Home Health Agency Inc., No. 23 Civ. 4915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023), and (ii) reviewed Plaintiffs' counsel's billing records, from which the Court has determined that the hourly rate and hours expended were both reasonable.  Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).  Accordingly, the Court approves the Agreement.

Consistent with the Agreement, within seven (7) days of receipt of the first installment payment, or by December 23, 2024, Plaintiffs shall file a stipulation of dismissal with prejudice as to all claims brought in this action.  The Court will retain jurisdiction to enforce the Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close ECF No. 47 and mark it as "granted."

Dated:     New York, New York
           November 14, 2024

                              SO ORDERED

                              *[signature: Sarah L. Cave]*

2

_____
**SARAH L. CAVE**
**United States Magistrate Judge**